**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000167
19-JAN-2021
08:06 AM
Dkt. 40 SO**

NO. CAAP-19-0000167

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SHUN ZHANG, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS
OF THE STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-18-00019)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Petitioner-Appellant Shun Zhang (**Zhang**) appeals from the Judgment on Appeal, filed on February 28, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

On appeal, Zhang claims the District Court erred by affirming the October 29, 2018 Notice of Administrative Hearing Decision by Respondent-Appellee the Administrative Driver's License Revocation Office (**ADLRO**).  Zhang contends the District Court erred in upholding the ADLRO's administrative revocation of her license because the October 9, 2018 Notice of Administrative Review Decision (**Notice of Review**) issued by Tania Kimura (**Kimura**) was not issued in compliance with Hawaii Revised

---

[1]  The Honorable Kenneth J. Shimozono presided.

Statutes (**HRS**) § 291E-37 (Supp 2019).[2]  Specifically, Zhang contends that Kimura was not appointed by the Administrative Director of the Courts Rodney Maile (**Administrative Director**) as required by HRS § 291E-1 (2007 Repl.).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the District Court.

As we stated in <u>McGrail v. Administrative Director of Courts</u>, 130 Hawaiʻi 74, 78, 305 P.3d 490, 494 (App. 2013):

> We review the District Court's decision to affirm the Director's administrative revocation of McGrail's driver's license to determine if the District Court was right or wrong in its decision. <u>Brune v. Admin. Dir. of the Courts</u>, 110 Hawaiʻi 172, 176–177, 130 P.3d 1037, 1041–42 (2006). The District Court's review of the Director's decision is limited to the record of the administrative hearing and the issues of whether the Director:
>
> (1) Exceeded constitutional or statutory authority;
>
> (2) Erroneously interpreted the law;
>
> (3) Acted in an arbitrary or capricious manner;
>
> (4) Committed an abuse of discretion; or
>
> (5) Made a determination that was unsupported by the evidence in the record.

HRS § 291E-40(c) (2007).

Zhang argues that, under HRS § 291E-1, the District Court was wrong to uphold the ADLRO's revocation of her license because the Administrative Director did not directly hire Kimura

---

[2]  HRS § 291E-37 states, in part:

> §291E-37  Administrative review; procedures; decision.  (a) The director automatically shall review the issuance of a notice of administrative revocation and shall issue a written decision administratively revoking the license and privilege to operate a vehicle or rescinding the notice of administrative revocation.

[3]  HRS § 291E-1 provides: "Director means the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation under part III."

2

and could not delegate his authority to another person to appoint Kimura.  Zhang thus contends that Kimura did not have the legal authority to conduct the initial administrative review and issue the Notice of Review.

As Zhang states in her reply brief, "[t]here are no disputed facts here."  The District Court's "Decision and Order Affirming Administrative Revocation" states that the Administrative Director approved the position description for the position held by Kimura.  Further, the Administrative Director "delegated his powers and authority to Human Resources Director Dee Wakabayashi, and to other persons involved in the hiring process, including Chief Adjudicator George Tran, for the purposes of selecting individuals to fill positions at the ADLRO."

Contrary to Zhang's argument, we conclude that Kimura was properly appointed to conduct administrative revocation reviews pursuant to HRS § 291E-1 and the Administrative Director's authority to appoint others in the judiciary to carry out the functions related to administrative revocation of licenses.  As previously noted, HRS § 291E-1 provides: "Director means the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation under part III."  Based on the plain language of this provision, the Administrative Director was authorized to either directly appoint any other person in the judiciary to conduct the administrative reviews, or to appoint any other person in the judiciary to "carry out other functions relating to administrative revocation under part III."  Other functions related to administrative revocation includes hiring the necessary staff to carry out the revocation process.

Moreover, other relevant provisions related to the Administrative Director's authority are set out in HRS §§ 76-13 (2012) and 601-3(b)(7) (2016).  HRS § 601-3(b) states, in pertinent part:

3

> (b) <u>The administrative director shall</u>, subject to the direction of the chief justice, perform the following functions:
>
> . . . .
>
> > (7) <u>Carry out all duties and responsibilities that are specified in title 7 as it pertains to employees of the judiciary</u>[.]

(Emphasis added).

Title 7 of the Hawaii Revised Statutes includes HRS Chapters 76 to 90D.

HRS § 76-11 (2012) states:

> "Director" means the head of the central personnel agency for a jurisdiction regardless of title, whether it is the director of human resources development, director of personnel, director of personnel services, or personnel director.

HRS § 76-13(2) states:

> §76-13 Specific duties and powers of director. The director shall direct and supervise all the administrative and technical activities of the director's department. In addition to other duties imposed upon the director by this chapter, the director shall:
>
> . . . .
>
> > (2) <u>Appoint employees necessary to assist the director in the proper performance of the director's duties and for which appropriations shall have been made</u>[.]

(Emphasis added).

HRS § 76-13(2) authorizes the Administrative Director to "[a]ppoint employees necessary to assist the [Administrative Director] in the proper performance of the [Administrative Director's] duties[.]"

Here, Zhang does not dispute that: the Administrative Director appointed the Human Resources Director to assist him in performing his duty under HRS § 271E-37 by hiring Kimura to conduct administrative reviews; Kimura is an employee of the Judiciary; and Kimura conducted Zhang's administrative review.

On appeal, Zhang did not challenge the administrative review on any other ground. Thus, the District Court did not err

4

by affirming the October 29, 2018 Notice of Administrative Hearing Decision.

Therefore, IT IS HEREBY ORDERED that the Judgment on Appeal, filed on February 28, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, January 19, 2021.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Timothy I. Mac Master,
for Petitioner-Appellant.               /s/ Katherine G. Leonard
                                        Associate Judge
Christopher J.I. Leong,
Deputy Attorney General,                /s/ Keith K. Hiraoka
for Respondent-Appellee.                Associate Judge